UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
In re REFCO INC. SECURITIES      :     07 MDL 1902 (JSR)
LITIGATION                        :
------------------------------x

------------------------------x
KENNETH M. KRYS, et al.,         :
                                  :
         Plaintiffs,             :     08 Civ. 7416 (JSR)
                                  :
         -v-                     :     MEMORANDUM ORDER
                                  :
ROBERT AARON, et al.,            :
                                  :
         Defendants.             :
------------------------------x

JED S. RAKOFF, U.S.D.J.

    Plaintiffs Kenneth M. Krys et al., appointed by a Cayman Islands court to bring claims on behalf of SPhinX, Ltd. and PlusFunds, bring this action against defendants Derivatives Portfolio Management, LLC, Derivatives Portfolio Management, Ltd., DPM-Mellon, LLC, and DPM-Mellon, LTD (collectively "DPM"), as well Robert Aaron.[1]

    On January 31, 2014, this Court denied defendants' joint motion for reconsideration of the Court's November 27, 2013 Memorandum Order ("November 27 Order"), which denied in turn defendants' motion for summary judgment. See Memorandum Order ("Reconsideration Order"), Jan. 31, 2014. In its Reconsideration

---

[1] Aaron was a director of SPhinX from 2002 to 2006 and was the founder, chief executive officer, part owner, and member of the board of directors of DPM during all relevant periods.

1

Order, the Court concluded, *inter alia*, that defendants had waived their right to object to Special Master Capra's report and recommendation because they had failed to timely file objections to that report. *See id.* at 4-5 (citing Telephonic Order, Aug. 12, 2013).

On February 19, 2014, defendants submitted a letter to this Court as a reply in support of their separate motion to certify two questions for interlocutory appeal. (The Court resolves that motion in a separate Memorandum Order that will be issued contemporaneously with this Memorandum Order.) In the February 19 letter, defendants argued that they did not waive their objections to the Special Master's report for purposes of reconsideration or appeal because they were not required to object to determinations that were not outcome-determinative. On February 21, 2014, plaintiffs responded to this letter.

Assuming *arguendo* that there was no waiver, the Court hereby supplements its Reconsideration Order by examining the substantive merits of defendants' motion for reconsideration on the *in pari delicto* and *Wagoner* rule issues. Having done so, however, the Court hereby affirms Special Master Capra's conclusion that defendants are not entitled to summary judgment in their favor on the grounds of *in pari delicto* or the *Wagoner* rule, and adopts the Special Master's reasoning with one clarification, regarding the applicability of the adverse

2

interest exception to the *in pari delicto* doctrine for the claims on behalf of PlusFunds.

In his report and recommendation dated August 7, 2013, the Special Master concluded that defendants' arguments on the applicability of the adverse interest exception were foreclosed because the Special Master had "already ruled — in the Grant Thornton/Mayer Brown Motion for Summary Judgment [Report and Recommendation] — that there remain questions of fact on whether any of the asserted benefits of being tied to Refco were either actually beneficial or were conditioned on the wrongful transfers." Report and Recommendation of the Special Master on Defendants' Motion for Partial Summary Judgment, Aug. 7, 2013, at 19 (citing Report and Recommendation of the Special Master on the Defendants' Motion for Summary Judgment ("Grant Thornton R&R"), Apr. 21, 2013, at 22-31). On their motion for reconsideration of this Court's November 27 Order, defendants DPM and Aaron argued that the Special Master's reliance on the Grant Thornton R&R, which was later adopted by this Court, was improper because that R&R explicitly did not consider any benefits received by PlusFunds. *See* Grant Thornton R&R, at 22 ("Thus any benefits derived uniquely by PlusFunds are irrelevant to determining whether the adverse interest exception to the *in pari delicto* doctrine is applicable to this motion.").

3

But even if this were so, the reasoning contained in the Grant Thornton R&R still supports the Special Master's denial of defendants' motion for summary judgment in this action. Aaron and DPM, on their motion for reconsideration, asserted only one benefit that PlusFunds allegedly received from its insiders' actions: larger management fees resulting from increased assets under management. However, for the same reasons that were discussed in the Grant Thornton R&R and for the same reasons that the Court denied defendants' motion to dismiss in this action, genuine disputes remain as to whether these benefits were conditioned on the transfers to unsegregated accounts at RCM. *See, e.g.*, Grant Thornton R&R, at 30-31; *In re Refco Sec. Litig.*, 779 F. Supp. 2d 372, 377 (S.D.N.Y. 2011); Declaration of Lee M. Andelin in Support of Plaintiffs' Response in Opposition to DPM Defendants' Motion for Partial Summary Judgment, Mar. 5, 2013, Ex. 59 (Report of Peter Vinella, June 29, 2012), at 39.

In all other respects, the Court adopts the reasoning contained in the Special Master's August 7, 2013 report and recommendation regarding the *in pari delicto* doctrine and the *Wagoner* rule. Accordingly, the Court hereby reaffirms its denials of defendants' motions for summary judgment and for reconsideration.

SO ORDERED.

Dated:   New York, New York
         March 19, 2014

_____
JED S. RAKOFF, U.S.D.J.